Mamie Carter, as beneficiary, brought this suit for $250, the face value of an industrial life insurance policy issued on the life of Lettie Beoh.
The defendant insurance company denied liability upon the ground of fraud as reflected by the false answers of the insured contained in a written application filed with the company.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
[1, 2] Plaintiff relies upon Act No. 140 of 1938 which provides that "any industrial life insurance policy issued in this State shall be incontestable after it has been in force, during the lifetime of the insured, for one year". The policy was issued December 13, 1943, and the insured died on November 11, 1945. It is evident, therefore, that more than one year had elapsed prior to the death of the insured. Defendant, however, contends that the Act of 1938 is without application and that the clause of the policy providing that it shall be incontestable after two years controls. In the alternative, it is argued that Act No. 140 of 1938 is unconstitutional when contrasted with Article 3, Section 16 of the Constitution of 1921, in that the act is broader than its title. *Page 717 
Act No. 140 of 1938 which amends Section 1 of Act No. 144 of 1936, in its title provides "that industrial life, health and accident insurance corporations, which issue policies or contracts of insurance to the assured without a written application or medical examination by a physician, shall waive their right to claim forfeiture for misrepresentation, etc."
Section 1 of the Act reads in part as follows: "* * * the provisions of this Act shall not apply in the cases of reinstatement of policies that have been permitted to lapse, or to policies which have been issued upon a written application or a medical examination of the insured; provided no policy of industrial life insurance shall be void, nor shall the rights of the assured thereunder be impaired, by any misrepresentations in the application of the assured unless such misrepresentation is wilful on the part of the assured and conceals facts as to the ill-health of the assured existing at the time of any such application, and provided further, that fraud shall always be a defense against any suit by the assured, if the insurer shall have obtained an application from the assured as hereinabove provided. Provided further, that upon and after the effective date of this Act any industrial life insurance policy issued in this State shall be incontestable after it has been in force, during the lifetime of the insured, for one year from its effective date of issue, except for nonpayment of premiums."
It will be noted that the concluding words of this section to the effect that "any industrial life insurance policy issued in this State shall be incontestable after it has been in force, during the lifetime of the insured, for one year from its effective date of issue, except for nonpayment of premiums" is in conflict with other provisions of the section unless the word "any" be construed to mean "any policy issued or reinstated without medical examination or written application". This interpretation, under familiar rules of statutory construction to the effect that a statute should be liberally construed in favor of its constitutionality, is justified. However, if the alleged misrepresentation is wilful, under the very terms of the act to the effect that "fraud shall always be a defense against any suit by the assured, if the insurer shall have obtained an application from the assured", it is unnecessary to consider the prescription of one year as established by the Act.
[3] It appears that the assured, Lettie Beoh, signed an application for insurance on the 29th of November, 1943, in which she denied that she had ever had any of the diseases set forth therein (diseases of the brain, liver, heart, etc.) or that she had been treated at any hospital or clinic. There is in the record photostatic copies of charts of the Charity Hospital which show that the assured had received treatment forty different times between 1933 and November 29, 1943, chiefly for a bad heart. It is also shown that assured had suffered a stroke in 1940. In the year previous to assured's application for insurance, she had been treated at the Charity Hospital five times for "hypertensive and Luet's heart disease". The conclusion is inescapable that the assured wilfully misrepresented the condition of her health and, therefore, the defense of fraud is a valid one and must be maintained.
The two year period after which the policy is incontestable lacked one month of having expired when the insured died.
[4] The plaintiff, as beneficiary, is entitled to the return of the premiums paid on account of the policy, which amount to $32.96, consequently, and
For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $250 to $32.96, and as thus amended it is affirmed.
Amended and affirmed. *Page 718